SANFORD v. SANFORD'S ADM'R.

Court of Appeals of Kentucky.

Dec. 11, 1953.

Ralph Mitchell and Coleman Wright, Shelbyville, for appellant.

Bernard B. Davis, Shelbyville, for appellee.

CAMMACK, Justice.

This case presents the question of whether an executor who fails to report his decedent's estate for inheritance tax purposes, and also fails to cause the inheritance taxes due to be paid, is personally liable to the estate for the legal penalties thus incurred. The appeal is from a judgment holding him liable, and we are of the opinion that the judgment should be affirmed.

Mrs. Sallie Bland Sanford died in 1939. She gave her husband, J. J. Sanford, a life estate in all of her property, with the remainder to certain legatees. J. J. Sanford was appointed administrator with the will annexed. Neither the executor nor the other legatees reported the estate or paid any inheritance tax on it to the Commonwealth. J. J. Sanford died in 1950. He had remarried and by his will he devised his entire estate to his widow, the appellant in this action, Rebecca Bennett Sanford. In October, 1950, R. H. Bland was appointed administrator de bonis non with the will annexed of the estate of Sallie Bland Sanford. He had an appraisal made of the farm property, which constituted the estate of Sallie Bland Sanford, and made a report to the Department of Revenue of the Commonwealth for inheritance tax purposes. The Department determined the amount of tax due and assessed it accordingly. The amount of penalty assessed on J. J. Sanford's portion of the tax was $48.05, and that due on the shares of the other heirs was $753.61. R. H. Bland, as administrator of the estate of Sallie Bland Sanford, paid all of the taxes and penalties due and asserted a claim against Rebecca Bennett Sanford, the sole beneficiary under the will of J. J. Sanford, for the portion of the tax due on that share of the estate and for all of the penalties due.

Counsel for the appellant insist that (1) the beneficiaries under Sallie Bland Sanford's will were under a statutory duty to pay the inheritance tax on their portions of the estate; (2) the contingencies of their estates provided no excuse under the law for their failure to pay their portion of

the inheritance taxes; and (3) J. J. Sanford was not jointly liable with the remaindermen for the tax on their inheritances.

Chapter 140 of the Kentucky Revised Statutes deals with inheritance taxes. That Chapter makes it the duty of the personal representative of an estate to report the estate and pay the inheritance taxes. However, the taxes are chargeable to the beneficiaries of an estate. In the case at bar the penalties resulted from the negligence of J. J. Sanford, for he neither made a report to the Department of Revenue nor paid any tax. Furthermore, the ultimate remaindermen were not definitely ascertainable until the death of J. J. Sanford, the life tenant, because of certain provisions in Sallie Bland Sanford's will.

In 21 Am.Jur., Executors and Administrators, section 244, page 30, of the Cumulative Supplement, it is said that, where an executor or administrator has sufficient funds available with which to pay taxes when they are due, but improperly fails to do so, or improperly fails to file a return, thereby causing penalties to be imposed, the burden of the penalties ordinarily must be borne by the executor or the administrator, personally, rather than by the estate, and he may be surcharged therefor or denied reimbursement from the estate.

In Motch's Ex'x v. Motch's Ex'rs, 306 Ky. 334, 207 S.W.2d 759, we held that the executors were not liable for discounts which would have been realized had the inheritance taxes been paid within the discount period. On the other hand, we held them liable for certain interest charges resulting from their inability to pay certain obligations when they became due because they had made a hurried distribution of money to the legatees. In that instance there was a dereliction of duty on the part of the executors just as there was on the part of J. J. Sanford in the case at bar. Under the circumstances we think it only right that J. J. Sanford's estate be held liable for the penalties resulting from his failure seasonably to report Sallie Bland Sanford's estate and pay the taxes due.

Judgment affirmed.